**HYUNDAI CONSTRUCTION CO., LTD., and National Surety Corporation, Appellants,**

v.

**KALMBACH, INC., Appellee.**

**No. 1604.**

Supreme Court of Alaska.

Nov. 10, 1972.

Richard B. Collins and Daiil Park, Anchorage, for appellants.

Kenneth D. Jensen, of Jensen & Harris, Anchorage, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR and BOOCHEVER, JJ.

PER CURIAM.

This appeal arises out of a contract awarded by the State of Alaska in December 1969 to Hyundai for construction of the Hurricane Gulch Bridge near Cantwell, Alaska. Hyundai, together with National Surety Corporation, furnished the State of Alaska with payment and performance bonds as required for public works construction by AS 36.25.010. Thereafter Hyundai subcontracted with Kalmbach for certain aspects of the bridge construction. Several months later Hyundai found Kalmbach's performance unsatisfactory and terminated its subcontract with Kalmbach.

Pursuant to AS 36.25.020 [1] Kalmbach filed suit against Hyundai and National Surety under the contractor's payment bond for the amount unpaid on the subcontract at the time of termination. Kalmbach also sued for damages for breach of the subcontract and for rentals of equipment which Hyundai was alleged to have rented after its termination of the subcontract. Hyundai counterclaimed asserting it was damaged

by Kalmbach's breach of the subcontract. After trial by jury Kalmbach was awarded $141,020.96 for labor and materials supplied and $100 for Hyundai's breach of contract. Additionally, the jury returned a verdict in Hyundai's favor in the amount of $5,528 on its counterclaim.

In this appeal appellants have attempted to assert numerous specifications of errors. Our study of appellants' brief and the record in the case at bar has left us with the conclusion that appellants' assertions of error are without substance. In short we hold that the judgment entered below should be affirmed.

Affirmed.

EVANS, J., not participating.

---

1. Alaska's statute is substantially similar to 40 U.S.C. § 270a et seq., the "Miller Act." The state version provides that persons supplying labor and material for a contractor on a public works project may proceed against the payment bond in the name of the state.